Timothy J. Dance (11553)
Kristen J. Overton (16537)
**Snell & Wilmer L.L.P.**
15 West South Temple, Ste. 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: tdance@swlaw.com
      koverton@swlaw.com

*Attorneys for Recovery Land Holding, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RECOVERY LAND HOLDING, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SOUTH OGDEN, and DOE DEFENDANTS I through X,<br><br>    Defendants. | **PLAINTIFF'S ALTERNATIVE RULE 56(d) MOTION & SUPPORTING MEMORANDUM**<br><br>Case No. 1:17-cv-00152 PMW<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Recovery Land Holding, LLC, also known as Brighton Recovery Center ("**Plaintiff**" or "**Brighton**"), through counsel, respectfully submits this Alternative Rule 56(d) Motion in response to the Motion for Summary Judgment ("**Motion**") filed by Defendant City of South Ogden ("**Defendant**" or "**City**").

## SUMMARY

The City's Motion should be denied on its merits for the reasons set forth in Brighton's Memorandum in Opposition to Motion for Summary Judgment ("**Opposition**") filed

concurrently herewith. However, even if the Court finds the Motion to be meritorious, the Motion is not ripe for decision as Brighton has not had sufficient time to conduct the discovery necessary to fully respond in opposition. As such, the Court should deny the Motion without prejudice to allow Brighton an opportunity to conduct discovery that is critical to proving Brighton's claims. Or, at the very least, the Court should hold the Motion in abeyance while additional discovery is being conducted. Furthermore, Brighton is entitled to present evidence beyond the administrative record that Ordinance 16-20 ("**Ordinance**") violates federal law, and Brighton requires additional time to conduct the discovery necessary to discover such evidence.

## FACTS

1. Plaintiff hereby incorporates the Statement of Additional Material Facts set forth in the Opposition Brief, filed concurrently herewith. *See* Opp., pp. 3-4.

2. On September 29, 2017, Brighton filed the Complaint (the "**Complaint**") in which it asserted violations of the Americans with Disabilities Act ("**ADA**"), Rehabilitation Act ("**RA**"), and Fair Housing Act ("**FHA**").

3. On June 21, 2018, the City filed its Answer.

4. The parties exchanged initial disclosures on July 31, 2018.

5. Pursuant to the Scheduling Order, fact discovery closes on March 31, 2019.

6. On November 14, 2018, the City filed its Motion for Summary Judgment.

7. Due to the timing of the City's Motion, Brighton has not had the opportunity to conduct any oral or written discovery. *See* Dance Dec. attached hereto as Exhibit 1, ¶ 9.

8. In order to fully and completely respond to the City's Motion for Summary Judgment, Brighton needs to conduct the discovery necessary to establish that the Ordinance violates the ADA, FHA, and RA. *Id.* ¶ 10.

9.      Among other things, Brighton will request emails, communications, memoranda, or other documents of City Council and city employees relating to the Ordinance, from both work and personal emails and correspondence. *Id.* ¶¶ 13-17.

10.      If provided sufficient time, Brighton will depose City Council members, city administrators, and citizens involved in the approval of the Ordinance for, among other things, the historical background of the Ordinance. *Id.*

## ARGUMENT

Brighton is entitled to additional time to conduct the discovery necessary to support its claims and sufficiently respond to the City's Motion for Summary Judgment. Further, Brighton is entitled to proffer evidence beyond the administrative record that the Ordinance violates the ADA, FHA, and RA, which evidence will be gathered during the additional time Brighton is requesting to conduct necessary discovery.

**I.      Brighton is Entitled to Additional Time to Conduct Discovery to Prove its Claims.**

The City's Motion for Summary Judgment should be denied for the substantive reasons set forth in the Opposition. To the extent the Court does not deny the Motion on substantive grounds, the Court should continue its determination of the Motion, or deny it without prejudice, pursuant to Federal Rule of Civil Procedure 56(d) because Brighton has not had sufficient time to conduct the discovery necessary to fully and completely respond to the Motion. According to Rule 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

According to the Tenth Circuit, "[t]he general principle of Rule [56(d)] is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Liqua-Dry, Inc. v. Tamarack Biotics LLC*, No. 2:17-CV-206-TC, 2017 WL 5186367, at *1 (D. Utah Nov. 8, 2017) (quoting *Price v. W. Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000)). "Unless dilatory or lacking in merit," a party's Rule 56(d) motion "should be liberally treated." *Id.* (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

At this early juncture, Brighton has not had the opportunity to "discover information that is essential to its opposition." The parties have only exchanged initial disclosures and fact discovery does not end until March 31, 2019. Because fact discovery is ongoing and the fact discovery cutoff is several months away, the City will not be prejudiced by any additional time for discovery granted to Brighton.

Additionally, relevant and important evidence related to this matter has not yet been gathered, reviewed, and proffered, and is not already in Brighton's possession. Plaintiff requires the following factual evidence that has not been supplied by the City in its Initial Disclosures or in response to the Plaintiff's GRAMA request prior to the litigation:

- Testimony of South Ogden City Council members, Planning Commissioners, city employees, and citizens involved in the approval of the Ordinance relating to "the historical background of the decision, the specific sequence of events leading up to the challenged decision, departures from the normal procedural sequence, and the legislative history and contemporary statements by members of the decision-making body," which testimony will provide probable evidence of direct or indirect discrimination. *Turner v. City of Englewood*, 195 F. App'x 346, 354 (6th Cir. 2006).

4

- Relevant emails, communications, memoranda, notes, or other documents in the possession, custody, or control of City Council, Planning Commission members, city administrators, and citizens relating to the Ordinance, from both work and personal email accounts and correspondence, which will provide probable evidence of direct or indirect discrimination;
- Evidence of other reasonable accommodation requests under the Ordinance or its predecessor;
- Expert testimony regarding statistical evidence of the disparate effect the Ordinance has had on the handicapped population. *See J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1299 (10th Cir. 2016) ("[Disparate impact discrimination] is generally shown by statistical evidence involving the appropriate comparables necessary to create a reasonable inference that any disparate effect identified was caused by the challenged policy and not other causal factors.")

Dance Dec., Ex. 1, ¶ 13.  Accordingly, the Court should continue its determination of the Motion for Summary Judgment or deny the Motion without prejudice pursuant to Rule 56(d).

II.     **Brighton is Entitled to Present Additional Evidence in Support of its Disparate Treatment and Disparate Impact Theories of Relief.**

In addition to the evidence before the City in the administrative hearing and appeal, this Court may review new evidence Brighton proffers in support of its assertion that the Ordinance violates the ADA, FHA, and RA.

According to the Tenth Circuit, federal courts need not "limit their review to the materials that were presented to the local land use board." *Jama Investments, L.L.C. v. Inc. Cty. of Los Alamos*, No. CIV 04-1173 JB/ACT, 2006 WL 1228771, at *9 (D.N.M. Feb. 16, 2006) (recognizing that the Tenth Circuit, in *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1503 (10th

Cir. 1995), decided not to adopt the rational basis analysis that adhered to the municipality's record when considering Fair Housing Act claims). Moreover, "because FHA claims are based on a statute" the fact finder is not limited to the evidence presented before the municipality. *Id.* Accordingly, if the record is not sufficient for the court to determine whether a claim is substantiated, the Tenth Circuit requires a remand to the district court. *Bangerter*, 46 F.3d at 1504.

Furthermore, violations of the ADA, FHA, and RA create a private cause of action for protected persons who have been subjected to discriminatory treatment. Causes of action under these federal statutes, then, are distinct from judicial review of the municipality's decision, and instead focus on affording the aggrieved the right to fair treatment. *Compare ROA Gen., Inc. v. Salt Lake City Corp.*, No. 2:10-CV-00020 TC, 2012 WL 380127, at *2 (D. Utah Feb. 3, 2012) ("When reviewing a decision of the [municipality], the correct standard for review is set forth in Utah Code Ann. § 10–9a–801, which directs that Utah courts reviewing a municipal land use decision shall '(i) presume that a decision, ordinance or regulation made under the authority of this chapter is valid; and (ii) determine only whether or not the decision, ordinance, or regulation, is arbitrary, capricious, or illegal.'"), *with Bangerter*, 46F.3d at 1501 ("Thus, a plaintiff makes out a prima facie case of intentional discrimination under the FHA merely by showing that a protected group has been subjected to explicitly differential—i.e. discriminatory— treatment."). It is ancillary to the analysis, then, that the court's remedy may be to overturn the municipality's decision. *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1147 (10th Cir. 2006) (recognizing that Utah Code Section 10-9a-801(3)(a)(ii) applies only to the standard of review and does not limit federal constitutional claims). Because claims under the ADA, RA,

4815-4915-6484

and FHA are separate from a review of the municipality's decision, Brighton is not constrained to the administrative record in order to prove these claims.

Brighton is entitled to proffer additional evidence in support of its assertion that the Ordinance is facially discriminatory and has a discriminatory impact. Brighton needs the additional time requested herein to conduct the necessary discovery to fully respond to the City's Motion for Summary Judgment and prove its claims.

### III.     CONCLUSION

Given the foregoing, this Court should continue its decision on the Motion or deny the Motion without prejudice, and permit Brighton to conduct the necessary discovery to fully respond to the Motion.

DATED this 21st day of December 2018.

          **Snell & Wilmer L.L.P.**

            /s/ Timothy J. Dance
          Timothy J. Dance
          Kristen Overton
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on December 21, 2018, I caused a true and correct copy of the foregoing to be served by electronic court filing notification through the Court's CM/ECF system to all participants of record.

                 /s/ Sarah Nielsen

4815-4915-6484