**EXHIBIT 1**

Timothy J. Dance (11553)
Kristen J. Overton (16537)
**Snell & Wilmer L.L.P.**
15 West South Temple, Ste. 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: tdance@swlaw.com
         koverton@swlaw.com

*Attorneys for Recovery Land Holding LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RECOVERY LAND HOLDING, LLC, a Utah limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF SOUTH OGDEN, and DOE DEFENDANTS I through X,<br><br>       Defendants. | **DECLARATION OF TIMOTHY J. DANCE**<br><br>Case No. 1:17-cv-00152 PMW<br><br>Magistrate Judge Paul M. Warner |

I, Timothy J. Dance, declare the following:

     1.    I am over the age of eighteen, am of sound mind, understand the taking of an oath, have personal knowledge of the statements made in this Declaration, which statements are true and correct, and I am fully competent to testify to the matters stated herein.

     2.    I am a partner at Snell & Wilmer L.L.P.'s ("**Snell & Wilmer**") Salt Lake City office.

     3.    Along with Snell & Wilmer, I represent Plaintiff Recovery Land Holding, LLC, also known as Brighton Recovery Center ("**Plaintiff**") in the above-captioned matter.

4. The Complaint (the "**Complaint**") in this matter was filed on September 29, 2017 and alleges violations of the Americans with Disabilities Act ("**ADA**"), Rehabilitation Act ("**RA**"), and Fair Housing Act ("**FHA**") against City of South Ogden (the "**City**") and Does I through X.

5. On June 21, 2018, the City filed its Answer.

6. On July 31, 2018, the parties exchanged initial disclosures.

7. On November 14, 2018, the City filed its Motion for Summary Judgment.

8. Pursuant to the Scheduling Order in the case, fact discovery in this matter is scheduled to end on March 31, 2019.

9. Due to the timing of the City's Motion for Summary Judgment, Plaintiff has not had the opportunity to conduct any oral or written discovery.

10. In order to fully and completely respond to the Motion for Summary Judgment, Plaintiff needs to conduct discovery necessary to prove its claims that Ordinance 16-20 ("**Ordinance**") violates the ADA, RA, and FHA.

11. The probable facts not currently available to Plaintiff include, among other things, the facts and background relating to the drafting and passing of the Ordinance.

12. These facts cannot be presented currently because Plaintiff has not had the opportunity to depose parties with relevant information and because Plaintiff has not had the opportunity to request certain documents and other tangible things related to the drafting and passing of the Ordinance.

13. As more fully set forth in Plaintiff's Alternative Rule 56(d) Motion & Supporting Memorandum filed concurrently herewith, Plaintiff requires the following factual evidence that is not already it its possession, as this evidence has not been supplied by the City in its Initial Disclosures or in response to the Plaintiff's GRAMA request prior to the litigation:

a. Testimony of South Ogden City Council members, Planning Commissioners, city employees, and citizens involved in the approval of the Ordinance relating to "the historical background of the decision, the specific sequence of events leading up to the challenged decision, departures from the normal procedural sequence, and the legislative history and contemporary statements by members of the decision-making body," which testimony will provide probable evidence of direct or indirect discrimination;

b. Relevant emails, communications, memoranda, notes, or other documents in the possession, custody, or control of City Council, Planning Commission members, city administrators, and citizens relating to the Ordinance, from both work and personal email accounts and correspondence;

c. Evidence of other reasonable accommodation requests under the Ordinance or its predecessor;

d. Expert testimony regarding statistical evidence of the disparate effect the Ordinance has had on the handicapped population.

14. If provided sufficient time by the Court to conduct discovery, Plaintiff intends to take depositions of South Ogden City Council members, Planning Commissioners, city employees, and citizens involved in the approval of the Ordinance.

15. If provided sufficient time by the Court, Plaintiff intends to serve on the City requests for production of all relevant emails, communications, memoranda, or other documents in the possession, custody, or control of City Council and city administrators relating to the Ordinance, from both work and personal email accounts and correspondence.

4828-4349-2484

16.     It may be necessary to subpoena emails, communications, memoranda, or other documents in the possession, custody, or control of third parties, including citizens of the City, relating to the Ordinance, from both work and personal email accounts and correspondence.

17.     If provided sufficient time by the Court, Plaintiff intends to serve on the City requests for production of all relevant emails, communications, memoranda, or other documents in the possession, custody, or control of City Council and city administrators relating to other reasonable accommodation requests under the Ordinance or its predecessor.

18.     If provided sufficient time by the Court, Plaintiff intends to retain expert testimony regarding statistical evidence of the disparate effect the Ordinance has had on the handicapped population.

19.     Without additional time to conduct discovery provided for under Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiff will be barred from conducting the discovery described above, which discovery is necessary to adequately oppose the City's Motion for Summary Judgment.

Dated this 21st day of December 2018.

                                                  /s/ Timothy J. Dance
                                                  Timothy J. Dance