IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RECOVERY LAND HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOUTH OGDEN, and DOE DEFENDANTS I through X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RENEWED RULE 56(d) MOTION AND MOTION TO AMEND SCHEDULING ORDER<br><br><br>Case No. 1:17-CV-152 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Renewed Rule 56(d) Motion and Motion to Amend Scheduling Order. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiff Recovery Land Holdings, LLC ("Brighton") operates a residential facility for people recovering from alcoholism and substance abuse located in South Ogden, Utah. Plaintiff requested an application for a reasonable accommodation from Defendant City of South Ogden (the "City") to allow it to provide treatment for up to 32 people. That request was denied by the City's Accommodation Review Committee, and that denial was later upheld by a Hearing Officer.

Brighton brought this action on September 29, 2017. Brighton asserted claims under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). Brighton advanced three theories of liability under these provisions: (1) disparate treatment discrimination; (2) disparate impact discrimination; and (3) failure to grant a reasonable accommodation.

1

The parties sought and received several extensions for Defendant to file its Answer while they were attempting to resolve this matter. Defendant eventually filed its answer on June 21, 2018.

On July 10, 2018, the Court entered a Scheduling Order. The Scheduling Order contained the following deadlines: March 31, 2019, for the close of fact discovery; April 8, 2019, for Plaintiff to disclose experts; April 30, 2019, for Plaintiff to disclose expert reports; August 30, 2019, for the close of expert discovery; and September 30, 2019, as the deadline for filing dispositive motions.

On November 14, 2018, the City filed a motion seeking summary judgment on all of Plaintiff's claims. On December 21, 2018, Plaintiff filed an opposition to the City's motion and also filed a motion under Federal Rule of Civil Procedure 56(d). While these motions were still pending, the parties requested a court order staying discovery until the motions were resolved.[1] But this stipulation was filed after the close of fact discovery, and nothing in that agreement sought to extend discovery.

On April 4, 2019, the Court granted Plaintiff's Rule 56(d) motion, granted Defendant's motion for summary judgment as it related to Plaintiff's failure-to-accommodate claim, but denied that motion without prejudice on Plaintiff's remaining claims. The Court also denied as moot the parties' request to stay discovery. The Court did not amend the Scheduling Order in any way and, until Plaintiff filed the instant Motion, neither party has formally moved the Court to do so.

---

[1] Docket No. 43.

On April 8, 2019, four days after the Court's ruling, counsel for Defendant sent an email to Plaintiff's counsel to discuss pending discovery requests.[2] Plaintiff's counsel responded on April 26, 2019, and requested dates in the next 30 to 45 days to set depositions in light of the Court's ruling.[3] Defendant's counsel responded on April 29, 2019, asking who Plaintiff's counsel wanted to depose.[4] Plaintiff's counsel did not respond. Defendant's counsel sent a follow-up email on May 16, 2019, again asking Plaintiff's counsel to identify the witnesses he wanted to depose so counsel could check their schedules.[5] Plaintiff's counsel failed to do so. It was not until the Magistrate Judge held a hearing on an unrelated motion on July 17, 2019, that Plaintiff's counsel finally disclosed who he wanted to depose.[6] The following day, the Magistrate Judge noted that there was no motion to extend discovery and that the discovery deadlines would not be amended.[7]

Meanwhile, on May 31, 2019, after the deadline for Plaintiff to disclose its expert identities and reports, Defendant filed a motion for partial summary judgment on Plaintiff's disparate impact claim. Then, on the last day to file dispositive motions, Defendant filed a motion for summary judgment on Plaintiff's disparate treatment claim. In response to that motion, Plaintiff has now filed the instant Motion.

---

[2] Docket No. 77 Ex. D.
[3] *Id.*
[4] *Id.* Ex. E.
[5] *Id.* Ex. F.
[6] Defendant has filed motions for protective orders based on that disclosure.
[7] Docket No. 58.

## II.  DISCUSSION

A.  RULE 56(d) MOTION

Federal Rule of Civil Procedure 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[8]

"The general principle of Rule [56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"[9]  Rule 56(d) "grants discretion to the court to delay ruling on a motion for summary judgment.  It does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery."[10]

Given the procedural history of this case, the Court must deny Plaintiff's Motion based on Plaintiff's dilatory conduct.  As stated above, Defendant's Answer was filed on June 21, 2018.  It appears that little, if any, discovery was conducted prior to Defendant filing its initial motion for summary judgment.  This was, in large part, why the Court granted Plaintiff's prior Rule 56(d) motion.  After all, Defendant's summary judgment motion was filed just five months after this litigation began in earnest and several months before the close of discovery.  However, the court noted at the time that it was "a close call" as to whether Plaintiff had been dilatory.  The same is not true now.

---

[8] Fed. R. Civ. P. 56(d).

[9] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

[10] *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2006).

When Defendant filed its initial motion for summary judgment in November 2018, nothing prevented Plaintiff from conducting discovery while that motion was pending. Plaintiff recognized the need for additional discovery, as reflected by its initial Rule 56(d) motion. Yet, inexplicably, Plaintiff did not pursue discovery during this time period. Further, even after the Court granted Plaintiff's initial Rule 56(d) motion, it took no efforts to pursue discovery. Plaintiff's counsel did not provide the identity of the individuals he sought to depose even after being asked to do so twice by Defendant's counsel. It was not until being forced by the Magistrate Judge to provide that information to Defendant's counsel that Plaintiff finally revealed who it wanted to depose. This occurred over three months after the Court granted Plaintiff's initial Rule 56(d) motion, and Plaintiff has failed to provide an adequate explanation for its delay. Thus, while Plaintiff was not initially dilatory, its conduct since filing its original Rule 56(d) motion demonstrates a lack of diligence that necessitates the denial of this Motion.

Plaintiff argues that after the Court issued its order granting the prior 56(d) motion, it anticipated that the Court would amend the Scheduling order or that the parties would agree to a new schedule. Admittedly, the fact that the Court issued its order after the close of fact discovery has resulted in confusion. However, Plaintiff has done little to alleviate this confusion. Prior to the filing of this Motion, at no point has Plaintiff formally moved to amend the Scheduling Order. Even after the Magistrate Judge noted that there was no motion to extend discovery, Plaintiff waited another three months to file the instant Motion. Nothing prevented Plaintiff from seeking relief from the Court, even if that relief would have been opposed by Defendant. The fact that Plaintiff did not seek such relief provides support for the Court's conclusion.

Plaintiff also complains of Defendant's attempts to thwart its efforts to obtain discovery. However, this argument ignores that it was Plaintiff's counsel who failed to respond to multiple requests from Defendant's counsel. While Defendant has filed motions for protective orders, such motions were clearly anticipated by the Court's prior order.[11] Simply put, the record does not support Plaintiff's argument that Defendant always intended to prevent it from taking discovery and that it is Defendant, not Plaintiff, who is to blame for the delays in this case.

Finally, Plaintiff's arguments fall flat as to its request for additional time to obtain expert testimony. The Court's prior ruling was issued before—albeit just days before—Plaintiff was required to disclose its expert under the terms of the Scheduling Order. Thus, any potential confusion caused by the timing of that order cannot be the cause of Plaintiff's failure to timely disclose an expert. Moreover, the ability to retain and disclose an expert has always been within Plaintiff's sole control. Even accepting Plaintiff's contention that Defendant has made efforts to thwart Plaintiff's ability to conduct discovery, nothing prevented Plaintiff from disclosing its own witness. Even now, eight months after the deadline to identify its expert has expired, Plaintiff offers no hint as to who its expert may be. Plaintiff offers no explanation as to why it has been unable to identify its own expert. Therefore, the Court will deny Plaintiff's Motion and will permit no further discovery.

---

[11] Docket No. 44, at 6 ("Perhaps Brighton may not be entitled to all of the discovery that it seeks, but that does not mean that it is barred from discovery altogether. Furthermore, the instant Motion is not the proper place to determine the limits, if any, to be placed on discovery.").

B.    MOTION TO AMEND SCHEDULING ORDER

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  "[T]his standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"[12]  Additionally, when, as here, "an extension of time is requested after the expiration of the relevant deadline, Rule 6(b)(1)(B) requires a showing of excusable neglect."[13]

For substantially the same reasons set forth above, the Court cannot find that Plaintiff has demonstrated good cause or excusable neglect.  Further, given the Court's decision to disallow any further discovery, no revision of the Scheduling Order is necessary.  Instead, the Court will rule on the remaining motions based on the record before it.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Renewed Rule 56(d) Motion and Motion to Amend Scheduling Order (Docket No. 75) is DENIED.  It is further

ORDERED that Defendant's Motions for Protective Order (Docket Nos. 64 and 65) are DENIED AS MOOT.

---

[12] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[13] *Johnson v. City of Murray*, No. 2:10-CV-1130-TS-EJF, 2012 WL 5194025, at *2 (D. Utah Oct. 19, 2012).

DATED this 16th day of December, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge