IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RECOVERY LAND HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOUTH OGDEN, and DOE DEFENDANTS I through X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - DISPARATE IMPACT CLAIMS<br><br>Case No. 1:17-CV-152 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Summary Judgment on Plaintiff's disparate impact claims. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff Recovery Land Holdings, LLC ("Brighton") operates a residential facility for people recovering from alcoholism and substance abuse located in South Ogden, Utah. Plaintiff requested an application for a reasonable accommodation from Defendant City of South Ogden (the "City") to allow it to provide treatment for up to 32 people. That request was denied by the City's Accommodation Review Committee, and that denial was later upheld by a Hearing Officer.

Brighton brought this action on September 29, 2017. Brighton asserted claims under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). Brighton advanced three theories of liability under these provisions: (1) disparate

treatment discrimination; (2) disparate impact discrimination; and (3) failure to grant a reasonable accommodation.

The Court previously granted summary judgment on Plaintiff's reasonable accommodation claim. Defendant now seeks summary judgment on Plaintiff's disparate impact claim.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

## III. DISCUSSION

A disparate-impact claim "challenges a facially neutral policy that actually or predictably results in . . . discrimination."[4] "This 'is generally shown by statistical evidence . . . involv[ing] the appropriate comparables' necessary to create a reasonable inference that any disparate effect

---

[1] Fed. R. Civ. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[4] *Reinhart v. Lincoln Cty.*, 482 F.3d 1225, 1229 (10th Cir. 2007) (internal quotation marks and citations omitted).

identified was caused by the challenged policy and not other causal factors."[5] Without evidence of a disparity, Brighton cannot make out a disparate impact claim.[6]

Here, Plaintiff has failed to produce evidence sufficient to make out a disparate impact claim. Plaintiff has failed to provide any of the necessary statistical evidence and has failed to identify an expert to provide such evidence. The time for doing so has expired and, as explained in the Court's Memorandum Decision and Order Denying Plaintiff's Renewed Rule 56(d) Motion and Motion to Amend Scheduling Order, the Court declines to extend that deadline. Without such evidence, Plaintiff's claim necessarily fails.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 46) is GRANTED.

DATED this 16th day of December, 2019.

BY THE COURT:

Ted Stewart
United States District Judge

---

[5] *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 922 (10th Cir. 2012) (quoting *Mountain Side Mobile Estates P'ship v. Sec'y of Hous. & Urban Dev.*, 56 F.3d 1243, 1253 (10th Cir. 1995)).

[6] *Id.*

3